# STATE OF MICHIGAN

# COURT OF APPEALS

---

GERALD WEATHERLY, Personal
Representative for the Estate of GERALD
WEATHERLY,

        Plaintiff-Appellee,

v

JASWANT S. BAGGA, M.D.,

        Defendant-Appellant,

and

PONTIAC OSTEOPATHIC HOSPITAL,

        Defendant.

UNPUBLISHED
March 3, 2016

No. 324566
Oakland Circuit Court
LC No. 2013-132264-NH

---

Before: GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

PER CURIAM.

Gerald Weatherly committed suicide on March 28, 2010. He had suffered for a long period of time from a disabling and painful chronic condition. He was treated with several medications including Fentanyl patches[1] for this condition. In the early morning hours of March 18, 2010, the police were called to Weatherly's home. His wife reported that he was out of control and had assaulted their 20-year-old son, who in turn reported that Weatherly had threatened suicide. Weatherly was not responsive to questioning from ambulance personnel that arrived, and upon arrival at the hospital it was discovered that he had four fentanyl patches attached to his skin, an amount consistent with a suicide attempt.

The admitting physician requested consultation with a pain management specialist. He also requested a consultation with Dr. Jaswant Bagga, a psychiatrist. Dr. Ashraf Khan, the pain management specialist, saw Weatherly on March 19, 2010 at approximately 6:00 p.m. His report noted that Weatherly had presented to the hospital "with overdose on narcotics," was depressed,

---

[1] Fentanyl is a narcotic and is commonly administered by a patch so that it is absorbed by the body over a period of hours.

and had been speaking of suicide with his family. He recommended some medication changes. He also requested that Dr. Bagga see the patient for suicidal ideation and depression.

Dr. Bagga saw Weatherly on March 20, 2010 at about 2:20 p.m. In his brief note, he offered his conclusion that Weatherly as "using suicidal statements with doctors . . . to try and get more pain meds." He diagnosed him with "mood disorder secondary to pain/withdrawal/side effects of pain medications." He prescribed an antidepressant and a sleep aid. Plaintiff alleges that Dr. Bagga failed to conduct a reasonable assessment and simply directed that the patient see him in a couple of weeks as an outpatient. Dr. Bagga testified that he intended to follow up and see Weatherly on March 22, 2010, but before doing so he learned that Weatherly had already been discharged. Six days after his discharge from the hospital, Weatherly committed suicide.

Plaintiff presented the testimony of two psychiatrists who testified that Dr. Bagga's examination and treatment of Weatherly fell below the standard of care. One of the experts also opined as to causation.

Dr. Bagga brought a motion for summary disposition arguing that plaintiff had failed to produce evidence sufficient to create a question of fact as to causation. The trial court denied summary disposition, concluding that the opinion of plaintiff's expert was sufficient to establish that causal link. Dr. Bagga asserts on appeal that the trial court erred in denying his motion for summary disposition. This Court reviews de novo a circuit court's decision whether to grant or deny summary disposition. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012).

In a medical malpractice claim, a plaintiff must establish the following four elements: "(1) the applicable standard of care, (2) breach of that standard of care by the defendant, (3) injury, and (4) proximate causation between the alleged breach and the injury." *Locke v Pachtman*, 446 Mich 216, 222; 521 NW2d 786 (1994). The cause in fact element requires a plaintiff to show that "but for" the defendant's actions, the plaintiff's injury would not have occurred, while the legal cause or "proximate cause" involves the examination of foreseeable consequences, and whether a defendant should be held legally responsible for such consequences. *Craig v Oakwood Hosp*, 471 Mich 67, 86-87; 684 NW2d 296 (2004). While a plaintiff need not prove that an act or omission was *the* cause of his injuries, he must introduce evidence that permits the jury to conclude that the act or omission was *a* cause. *Id.* at 87.

As we have discussed in similar cases, it can be uniquely difficult to discern what factors play a role in a person's suicide. *Teal v Prasad*, 283 Mich App 384, 394; 772 NW2d 57 (2009) is illustrative:

Any arguments regarding the causes of Teal's suicide are speculative, because there is scant evidence establishing Teal's mental state, thoughts, and suicidal tendencies after his discharge from the hospital. This is not a situation in which defendants knew that Teal was suicidal and would kill himself as soon as he had the chance, yet discharged him . . . . It was not evident in this case that but for defendants' decision to discharge Teal on March 22, Teal would not have killed himself on March 30. Plaintiff failed to establish a reasonable inference, based on a logical sequence of cause and effect, that defendants' actions triggered the causal chain leading to Teal's suicide.

After a review of the record, we conclude that this case is controlled by *Teal*. Given the lack of evidence concerning what took place in the six days between Weatherly's release and his suicide, a basis to find cause in fact has not been shown. There is not a sufficient factual basis to conclude that had Dr. Bagga acted differently, Weatherly's death after release would have been avoided. Although plaintiff's expert opined that but for Dr. Bagga's negligence Weatherly would not have committed suicide when he did, his opinion is stated in conclusory fashion. He offers no basis in fact, or in medical research, to support his conclusion.

This is not to say that such a causal link between alleged medical negligence and suicide can never be demonstrated; only that in this case, it has not been. Reversed and remanded for entry of an order granting Dr. Bagga's motion for summary disposition.[2] We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Douglas B. Shapiro

---

[2] On stipulation of the parties, the court entered an order dismissing with prejudice all independent claims of negligence and vicarious liability against defendant hospital.